UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| LEVAR FIVE DAILY #323916, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | NO. 3:18-cv-00100 |
| ) | JUDGE TRAUGER |
| TENNESSEE HIGHWAY ) | |
| PATROL, et al., ) | |
| ) | |
| Defendants | |

## MEMORANDUM AND ORDER

Plaintiff LeVar Five Daily, an inmate of the Whiteville Correctional Facility, has filed this *pro se* civil rights action under 42 U.S.C. § 1983 (Doc. No. 1), along with an application to proceed in district court without prepaying fees and costs ("IFP application"). (Doc. No. 2.) The case is before the court for a ruling on the application and for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A, and 42 U.S.C. § 1997e.

### A. Application to Proceed as a Pauper

Under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(a), a prisoner bringing a civil action may be permitted to file suit without prepaying the filing fee required by 28 U.S.C. § 1914(a). Ordinarily, the court will not consider an IFP application unless it is signed and notarized by an appropriate corrections official as set forth in Administrative Order 93, and accompanied by a certified copy of the plaintiff's trust fund account statement (or institutional equivalent) for the 6-month period immediately preceding the filing of the complaint, obtained from the appropriate official at each facility in which the plaintiff has been confined during that

6-month period. 28 U.S.C. § 1915(a)(2). The plaintiff's IFP application does not comply with those requirements, but he states that he has tried and been unable to get prison staff to provide the necessary statement and signatures. (Doc. No. 2 at 2.) He also alleges that since he has been in prison he earns $0.17/hr, that he has no other income or funds, that his family has either lost or is losing their home, and that his wife and children are now on welfare. (Doc. No. 1 at 8; Doc. No. 2 at 1–2.) Under the circumstances, the plaintiff's IFP application (Doc. No. 2) is **GRANTED**.

Pursuant to 28 U.S.C. §§ 1915(b) and 1914(a), the plaintiff is nonetheless assessed the $350.00 civil filing fee. The warden of the facility in which the plaintiff is currently incarcerated, as custodian of the plaintiff's trust account, is **DIRECTED** to submit to the Clerk of Court, as an initial payment, the greater of: (a) 20% of the average monthly deposits to the plaintiff's credit at the jail; or (b) 20% of the average monthly balance to the plaintiff's credit for the six-month period immediately preceding the filing of the Complaint. 28 U.S.C. § 1915(b)(1). Thereafter, the custodian shall submit 20% of the plaintiff's preceding monthly income (or income credited to the plaintiff for the preceding month), but only when the balance in his account exceeds $10.00. 28 U.S.C. § 1915(b)(2). Payments shall continue until the $350.00 filing fee has been paid in full to the Clerk of Court. 28 U.S.C. § 1915(b)(3).

The Clerk of Court **MUST** send a copy of this order to the Warden of the Whiteville Correctional Facility to ensure compliance with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If the plaintiff is transferred from his present place of confinement, the custodian must ensure that a copy of this order follows the plaintiff to his new place of confinement, for continued compliance with the order. All payments made pursuant to this order must be submitted to the Clerk of Court for the United States District Court for the Middle

District of Tennessee, 801 Broadway, Nashville, TN 37203.

## B. Initial Review of the Complaint

Pursuant to 28 U.S.C. § 1915(e)(2), the court is required to conduct an initial review of any complaint filed *in forma pauperis*, and to dismiss the complaint if it is facially frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. In reviewing the complaint to determine whether it states a plausible claim, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). A *pro se* pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

The plaintiff alleges that on November 2, 2016, Lt. Wayne Dunkleman of the Tennessee Highway Patrol pulled him over for speeding based on an invalid "pacing" method of determining his speed. He alleges that when he refused Defendant Dunkleman's order to exit the vehicle, Dunkleman physically forced him from the car and slammed him to the ground with a gun in his face. After a search pursuant to the traffic stop revealed cocaine, prescription pills and marijuana on the plaintiff's passenger, and Dunkleman accused the plaintiff of "eating a blunt roach," the plaintiff and his passenger were both taken to jail. The plaintiff does not specify what criminal charges were brought against them, but says that the passenger was sentenced to 22 days in jail, while the plaintiff "received 14 years." (Doc. No. 1 at 8.)

The plaintiff alleges that the traffic stop and prosecution were based on his race and background. He also alleges that Defendant Dunkleman's actions were motivated by a personal

animosity towards him arising from a dispute between their sons. (Doc. No. 1 at 8.) He claims that Dunkleman is guilty of the following violations: illegal traffic stop; illegal search and seizure; excessive force; racial profiling; bribery; coercion of a witness, official misconduct; cruel and unusual punishment; personal bias; perjury; aggravated perjury; due process violation; malicious prosecution; retaliation; and destruction or tampering with government records. (Doc. No. 1 at 5.) As relief, he seeks immediate release from prison and monetary damages totaling more than $10.5 million. (Doc. No. 1 at 6.)

With the possible exception of his excessive force claim, the plaintiff's claims relate directly to the validity of his conviction and 14-year sentence pursuant to a state court criminal judgment and may not be presented under § 1983 until he achieves a favorable determination on that conviction or sentence through state remedies or habeas corpus. The law is well established that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement ... even though such a claim may come within the literal terms of § 1983." *Heck v. Humphrey*, 512 U.S. 477, 481 (1994) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 488–90 (1973)).

A § 1983 claim challenging a prisoner's confinement must be dismissed even where a plaintiff expressly seeks injunctive or monetary relief. *Heck*, 512 U.S. at 489–90 (claim for damages is not cognizable); *Preiser*, 411 U.S. at 488–90 (claim for injunctive relief is only cognizable under 28 U.S.C. § 2254). The United States Supreme Court has explained that "a state prisoner's § 1983 action is barred (absent prior invalidation [of his conviction or sentence])—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration."

*Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005). The plaintiff's current action expressly seeks his immediate release from incarceration, and therefore falls squarely within the prohibition of *Heck*. Accordingly, the bulk of the plaintiff's Complaint is not currently cognizable under § 1983.

Without knowing the charges for which the plaintiff was convicted, the court cannot determine whether the alleged use of excessive force and his convictions "arise out of the same events," such that the *Heck* bar would apply to the excessive force claim. *Matheney v. City of Cookeville*, 461 F. App'x 427, 431 (6th Cir. 2012) (holding that where a plaintiff is convicted of resisting arrest in the same altercation giving rise to his excessive-force claim, "the two are inextricably intertwined"). Even if *Heck* does not bar that claim, however, it is clearly barred by the applicable statute of limitations.[1] The statute of limitations that applies to § 1983 actions arising in Tennessee is one year. Tenn. Code Ann. § 28-3-104(a); *Roberson v. Tennessee*, 399 F.3d 792, 794 (6th Cir. 2005). The plaintiff's claim for excessive force accrued on November 2, 2016, regardless of whether it would implicate the invalidity of whatever criminal charges were brought against him, and the statute of limitations proceeded to run from that point without being tolled by any such charges or even a conviction. *Fox v. DeSoto*, 489 F.3d 227, 235 (6th Cir. 2007) (holding that "a § 1983 claim for excessive force in effectuating an arrest accrues at the time of arrest," and that *Heck* does not impact the limitations period on such a claim). Under the prison mailbox rule, the plaintiff's Complaint is deemed filed on January 29, 2018, the day it was received in the prison mail room. (Doc. No. 1 at 9.) Accordingly, this claim was filed almost

---

[1] Although the statute of limitations is an affirmative defense, district courts may apply it *sua sponte* on initial review where the defense is obvious from the face of the complaint. *Stephens v. Corr. Med. Servs.*, No. 3:04 CV P596 H, 2006 WL 2734432, at *3 (W.D. Ky. Sept. 21, 2006) (citing *Haskell v. Washington Township*, 864 F.2d 1266, 1273 (6th Cir. 1988)).

three months too late.[2]

C.  CONCLUSION

For the reasons explained above, the plaintiff's claim for excessive force is **DISMISSED with prejudice** for failure to state a claim upon which relief can be granted. The remainder of the Complaint is **DISMISSED without prejudice** to the plaintiff's ability to refile upon removal of the *Heck* bar to relief, if the plaintiff succeeds in having his sentence corrected through state remedies or a federal writ of habeas corpus. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. Any appeal of this order would not be in good faith as required by 28 U.S.C. § 1915(a)(3).

IT IS SO ORDERED.

ENTER this 20th day of February 2018.

_____
ALETA A. TRAUGER
UNITED STATES DISTRICT JUDGE

---

[2] The court notes that it is possible that the plaintiff's claims for the allegedly illegal stop and search may also be time-barred. In *Wallace v. Kato*, 549 U.S. 384, 390, 392–95 (2007), the Supreme Court held that the limitations period for a claim of false arrest began to run as soon as a plaintiff was either released from custody or bound over for trial by a magistrate. There is insufficient information in the Complaint to determine that date in this case, but because it does not determine the outcome of its review, the court finds further development of that issue unnecessary.